# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> THUNDER NOLAN KELLUM, <br><br> Defendant. | CR 14-95-BLG-SPW-CSO <br><br> **FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |

A petition alleges that Defendant violated conditions of his supervised release. Judge Watters referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. *Order (ECF No. 34)* (citing 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59(a)). *See also* 18 U.S.C. §3401(I).

On July 6, 2016, the Court conducted the revocation hearing. Defendant admitted all three violations. As discussed below, it is recommended that Defendant's supervised release be revoked and that the Court sentence Defendant to 5 months imprisonment followed by 31 months of supervised release.

1

## I. Background

On March 10, 2015, Defendant pled guilty to the offense of Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1) and (b). *ECF No. 24*. On July 8, 2015, the Court sentenced him to 18 months imprisonment, to be followed by 3 years supervised release. *ECF No. 28*. Defendant began serving his term of supervised release on January 15, 2016.

On June 21, 2016, the United States Probation Office filed the petition now at issue. *ECF No. 32*. The petition alleges that Defendant violated 3 conditions of supervised release. *Id*. Based on the petition, Judge Watters issued a warrant for Defendant's arrest. *ECF No. 33*.

On June 22, 2016, Defendant was arrested. *ECF No. 35*. On June 23, 2016, Defendant made an initial appearance. *ECF No. 36*. Defendant, represented by counsel, stated that he had reviewed the petition and waived a preliminary hearing. The Court remanded Defendant to the custody of the United States Marshal Service pending the revocation hearing on July 6.

## II. Revocation Hearing

Defendant appeared at the revocation hearing represented by Steven C. Babcock. Lori A. Harper Suek represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to appear before Judge Watters and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing issues. The undersigned calculated that Defendant's violation grade is C, his criminal history category is II, and the underlying offense is a class C felony. Under those circumstances, the maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 4–10 months incarceration. Defendant could be sentenced to as much as 36 months supervised release, less any incarceration time imposed. Ms. Suek and Mr. Babcock agreed with those calculations.

Mr. Babcock requested a sentence of 2 months incarceration with

34 months supervised release to follow.  Mr. Babcock argued that Defendant was doing well for a period of time before the violations.  He argues that Defendant was working in April almost full time.  Mr. Babcock argues that Defendant has mental illness and needs to be on medication, but that Defendant was doing well with the programing until June 19, when the Defendant was approached by family members who used the Defendant to further their own addictions.  Prior to that, he was making great strides and that returning to Butte after any term of incarceration would be the best option for him.  Mr. Babcock argues that based on these reasons, a sentence of 2 months incarceration with 34 months of supervised release to follow would be appropriate.

    The Defendant agreed with Mr. Babcock.  He stated that if he could get treatment it could help him do well.  He stated that he just got approved for social security and wants to stay in Butte.  He also stated that he was doing well with the program but let his family member pressure him into committing the violations and he knows he needs to just stay away from people like that.

    Ms. Suek requested a sentence of 6 months incarceration and 30 months supervised release noting that the Defendant needs structure

and guidance from the United States Probation Office, so a term of supervised release is warranted. She argues that a sentence of six months incarceration would be appropriate. She stated that she was hopeful he would have made it further, but that the Defendant needs to get his substance abuse issues and mental health issues under control. She also thought that the Defendant should return to Butte after any term of incarceration because that was the best option for him.

### III. <u>Conclusions and Analysis</u>

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 5 months imprisonment followed by 31 months supervised release. No circumstances warrant a departure from the guideline range. The Court finds this sentence to be appropriate based on the circumstances of this case. Defendant needs treatment and support to help him stay on the right track, but also needs to be accountable for his actions.

### IV. <u>Conclusion</u>

Defendant was advised that the above sentence would be recommended to Judge Watters, and was reminded that he has the

right to appear and allocute before Judge Watters. The undersigned instructed Defendant that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Watters.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS** with respect to the violations alleged in the Petition**:**

1. Defendant violated Standard Condition 7 of his release.

2 Defendant violated the two Special Conditions of his release.

Accordingly, **IT IS RECOMMENDED** that the Court revoke Defendant's supervised release and sentence Defendant to 5 months imprisonment, followed by a 31-month term of supervised release.

**IT IS FURTHER RECOMMENDED** as follows:

> Pursuant to the Sentencing Reform Act of 1984, and after considering the statutory maximum, the Chapter 7 Policy Statements and Guideline range, and all of the circumstances of the current violations, it is the judgment of the Court, that the defendant, THUNDER NOLAN KELLUM, be committed to the custody of the United States Bureau of Prisons for a term of 5 months. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 31 months. Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the

district to which the defendant is released.

While on supervised release, the defendant shall not commit any Federal, state, or local crime, and shall not possess a controlled substance. The defendant shall be prohibited from owning, using, or being in constructive possession of firearms, ammunition, or other destructive devices while on supervision and any time after the completion of the period of supervision unless granted relief by the Secretary of the Treasury. The defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

In addition, the defendant shall comply with the standard conditions of supervised release as recommended by the United States Sentencing Commission, and which have been adopted by this Court. The defendant shall also comply with the following special conditions:

1. The defendant shall participate in and complete a program of substance abuse treatment as approved by the United States Probation Office, until the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as determined by the United States Probation Officer.

2. The defendant shall participate in substance abuse testing, to include not more than 104 urinalysis tests, not more than 104 breathalyzer tests, and not more than 36 sweat patch applications during the period of supervision. The defendant shall pay all or part of the costs of testing as directed by the United States Probation Office.

3. The defendant shall participate in a program for mental health treatment as deemed necessary by the United States Probation Officer, until such time as the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment,

as determined by the United States Probation Officer.

4. The defendant shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale. This condition supersedes standard condition number 7 with respect to alcohol consumption only.

5. The defendant shall not ingest or inhale any toxic substances such as, but not limited to, synthetic marijuana and/or synthetic stimulants that are not manufactured for human consumption, for the purpose of altering their mental or physical state.

6. The defendant shall not purchase, possess, use, distribute or administer marijuana, or obtain or possess a medical marijuana card or prescription. This condition supersedes the standard condition number 7 with respect to marijuana only.

7. The defendant shall submit their person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The defendant shall allow seizure of suspected contraband for further examination.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Watters will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Watters may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a *de novo* determination by Judge Watters, and may waive the right to appear and allocute before Judge Watters.

DATED this 6th day of July, 2016.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge